[Cite as *In re M.W.*, 2011-Ohio-4601.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

M.W.

MINOR CHILD(REN)

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. Sheila G. Farmer, J.
Hon. Patricia A. Delaney, J.

Case No. 2011CA00117

O P I N I O N

CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2008JCV00901

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     September 12, 2011

APPEARANCES:

For Appellant

AARON KOVALCHIK
116 Cleveland Avenue, NW
Suite 808
Canton, OH 44702

For Appellee

JERRY COLEMAN
221 Third Street, SE
Canton, OH 44702

*Farmer, J.*

{¶1} On August 15, 2008, appellee, Stark County Job and Family Services, filed a complaint for temporary custody of M.W. born April 15, 1999, alleging the child to be dependent and/or neglected. Father of the child is appellant, Shaun Lindsay; mother is Lori Witherspoon.

{¶2} On November 7, 2008, the trial court found the child to be neglected, and continued temporary custody of the child with a relative. On January 15, 2009, the trial court granted temporary custody of the child to appellee.

{¶3} The child was placed with appellant on January 7, 2010, with protective supervision to appellee. On February 16, 2010, the child was removed from appellant's custody.

{¶4} On July 7, 2010, appellee filed a motion for permanent custody based upon the parents' failure to comply with the case plan. Hearings were held on August 16 and 19, 2010 and February 28, 2011. By judgment entries filed January 5, and April 29, 2011, the trial court terminated the parents' parental rights and granted permanent custody of the child to appellee.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶6} "THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

II

**{¶7}** "THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I, II

**{¶8}** Appellant claims the trial court's findings that the child could not be placed with him within a reasonable time and it was in the child's best interests to grant permanent custody to appellee were against the manifest weight and sufficiency of the evidence. We disagree.

**{¶9}** As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (February 10, 1982), Stark App. No. CA–5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction* (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993–Ohio–9.

**{¶10}** R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states the following in pertinent part:

{¶11} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

{¶12} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

{¶13} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to

division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;

{¶14} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;

{¶15} "(10) The parent has abandoned the child.

{¶16} "(14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.

{¶17} "(16) Any other factor the court considers relevant."

{¶18} R.C. 2151.414(B)(1) enables a trial court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interests of the child. "Clear and convincing evidence" is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, paragraph three of the syllabus.

{¶19} R.C. 2151.414(D)(1) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:

{¶20} "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

{¶21} "(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{¶22} "(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period***;

{¶23} "(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶24} "(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

{¶25} We note mother has not appealed the trial court's determination, and in fact, did not appear at the permanent custody hearing. Mother has lost permanent custody involuntarily of three children, has had no contact with appellee for over a year, has a chronic substance abuse history, and has never completed a case plan. August 16, 2010 T. at 5-6. The trial court found that mother had abandoned the child. See, Finding of Fact No. 14 filed January 5, 2011.

{¶26} In addition, as to both parents, the trial court found the child had been in appellee's temporary custody for twelve or more months of a consecutive twenty-two month period. August 16, 2010 T. at 9; Finding of Fact No. 3 filed January 5, 2011.

This finding is sufficient to grant permanent custody to appellee. R.C. 2151.414(B)(1)(d); *In re Parks,* Muskingum App. No. CT2006-0024, 2006-Ohio-5891.

{¶27} Appellant argues he received a certificate of attendance from Goodwill Parenting, has made progress in anger management, has participated in joint counseling with the child, has completed the parenting evaluation, has been employed as of March 2010, and has a stable living arrangement. Appellant's Brief at 8-9; August 16, 2010 T. at 10-13, 19.

{¶28} Appellee became involved with the family in July of 2008 after appellant approached the agency and explained "he could no longer handle" the child's behaviors, and he wanted the child placed in foster care to teach the child a lesson. August 16, 2010 T. at 6. Appellant's girlfriend at the time made him choose between the child and a place to live and he chose the girlfriend. Id.

{¶29} Appellant's case plan was designed to address his lack of stable housing and employment, his anger and aggression issues, and his lack of parenting skills. Id. at 10.

{¶30} While appellant attended Goodwill Parenting classes, he did not successfully complete the program. Id. Appellant made some progress regarding his anger management, "but still has a long way to go." Id. at 11. Appellant completed joint counseling with the child up until the child was removed from his custody. Id. at 11-12. Appellant completed a parenting evaluation which illuminated the following concerns:

{¶31} "That he has unrealistic expectations. Age appropriate expectations along with him being self absorbed in his self. Um and that his authoritative parenting style was um harming, harmful corporate (sic) punishment where he believed in corporate

(sic) punishment with [M]. Along with the instability of his housing, and going from girlfriend to girlfriend and how it affects [M] having to switch homes all the time. And switch schools all the time and how it affects [the child] emotionally along with academically." Id. at 12.

{¶32} Employment was also a goal that was eventually achieved in March of 2010, twenty-nine hours a week at minimum wage. Id. at 13, 15. As for housing, appellant refused to tell appellee where he lived. Id. at 13-14.

{¶33} Appellee assisted appellant on the case plan, telling him of different places that were hiring, paying for services for him to complete, and providing bus passes which appellant often refused "because he didn't associate with the kind of people that ride the bus." Id. at 15-16. At times, appellant went as long as ninety days without contacting the child. Id. at 9.

{¶34} The request for permanent custody was based upon the child's need for stability and permanency. Id. at 16.

{¶35} Upon review, we find the trial court's decision that the child could not be placed with appellant within a reasonable time is substantiated by R.C. 2151.414(B)(1)(d) and the fact that appellant has not successfully completed the case plan.

{¶36} As for best interests, the child was eleven years old at the time of the hearing. The child has been diagnosed with ADHD and attachment disorder. February 28, 2011 T. at 4. The caseworker testified the child needed stability and permanency as she has been in and out of appellee's custody since August of 2008. Id. at 5. Relative

placement was attempted, but was unsuccessful. Id. Appellee was in the process of seeking an adoptive home for the child. Id. at 9.

{¶37} The child's therapist testified the child has behavioral and emotional problems due to the various placements over the past two and a half years. Id. at 11. Appellant participated in approximately seven sessions, but has not attended any for the past year. Id. at 12. The therapist opined the child needed a "stable, structured, and safe environment." Id.

{¶38} Between the dependency hearing and the best interests hearing, appellant attempted to rectify the unaddressed areas of his case plan. Id. at 19-21. Appellant attempted to relitigate the first phase of the permanent custody case. Id. at 15-17.

{¶39} We note an "in camera" interview of the child by the trial court was granted; however, there is no transcript of that proceeding.

{¶40} Upon review, we find the trial court did not err in finding, by clear and convincing evidence, that the best interests of the child would best be served by granting appellee permanent custody of the child.

{¶41} Assignments of Error I and II are denied.

{¶42} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.


_s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_s/ Patricia A. Delaney_____

JUDGES


SGF/sg 822

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF:  :
    :
M.W.  :
    :
MINOR CHILD(REN)  :    JUDGMENT ENTRY
    :
    :
    :
    :    CASE NO. 2011CA00117


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed.  Costs to appellant.



_s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_s/ Patricia A. Delaney_____

JUDGES